**Benjamin BROOKS and Margaret Brooks, Plaintiffs,**

v.

**William J. HICKMAN, Jr., and Parker/Hunter, Inc., Defendants.**

Civ. A. No. 83–1313.

United States District Court, W.D. Pennsylvania.

Sept. 7, 1983.

Peter N. Georgiades, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., for plaintiffs.

Timothy J. Burdette, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for defendants.

OPINION

WEBER, District Judge.

This suit to recover lost investments and damages is a result of the plaintiffs' unfortunate experience with the bulls, the bears, and their broker. The complaint tells a tale of fraud, mismanagement and misappropriated funds. Plaintiffs charge defendant Hickman with misconduct, and defendant Parker/Hunter with negligence and breach of contract.

Presently at issue is the propriety of plaintiffs' claims for emotional distress. Plaintiffs seek to recover damages for emotional distress resulting from Parker/Hunter's negligent failure to supervise and investigate Hickman, and from breach of the contract with Parker/Hunter for brokerage services. Parker/Hunter has moved to dismiss the claims for emotional distress and we conclude that Pennsylvania law does not permit recovery of such damages on the facts alleged.

Pennsylvania permits recovery for negligent infliction of emotional distress in certain instances: when emotional injury is accompanied by physical impact, however slight, *Knaub v. Gotwalt,* 422 Pa. 267, 220 A.2d 646 (1966); where it results from the subject's apprehension of impact, though no impact occurs, *Neiderman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970); and in limited circumstances, where the subject witnesses

injury to another. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). None of these cases even remotely resemble the instant case on its facts. The defendants' negligent acts do not involve any physical impact —actual, threatened or vicarious. We cannot find any Pennsylvania case permitting recovery for emotional injuries arising solely from the negligent loss of a plaintiff's money.

As to plaintiffs' claim of emotional distress on the breach of contract, we conclude that the facts alleged do not place this suit within the limited category of cases for which such recovery is permitted. We note that the Pennsylvania Supreme Court has acknowledged the *possibility* of recovery on the contract where "the breach is of such a kind that serious emotional disturbance was a particularly likely result." *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981); quoting, Restatement (Second) of Contracts, § 353. However, the scope of such recovery as envisioned by the authors of the Restatement and applied by various courts is quite limited. See, Restatement (Second) of Contracts, § 353, comment and illustrations; *Sullivan v. O'Connor,* 363 Mass. 579, 296 N.E.2d 183 (1973) (failure to surgically rebuild nose); *Hirst v. Elgin Metal Casket Co.,* 438 F.Supp. 906 (D.Mont. 1977) (defect in casket, breach of warranty); *Speck v. Finegold,* 497 Pa. 77, 90, 439 A.2d 110 (1981) (per curiam) (Roberts, J.), (wrongful birth of child with birth defects); but see, *Id.,* at 84, n. 4, 439 A.2d 110 (Flaherty, J.).

Plaintiffs argue that emotional distress was a particularly likely result of a breach in this case because plaintiffs sought to build a nest egg for retirement, and defendants were aware of this goal. The instant case is simply not of the same class as the cases cited above. The plaintiffs have not suffered disfigurement, anxiety over death or the birth of an unwanted, crippled child. They have only lost money, and not so much of it as to force personal bankruptcy or impoverishment. See, Restatement (Second) of Contracts, § 353, comment. Although loss of money is often disturbing, it does not ordinarily give rise to a claim of emotional distress. We find no Pennsylvania decision permitting recovery of such damages on breach of a contract which caused only a monetary loss, and we hesitate to so extend the rule. Furthermore, even if recovery for emotional distress on such a breach is permitted as intimated in the Comment to § 353, the plaintiffs have not alleged such an extreme loss from the breach, and while loss of a nest egg may cause anxiety, it does not appear particularly likely to cause *serious* emotional distress. See, *Kewin v. Massachusetts Mutual Life Insurance Co.,* 409 Mich. 401, 295 N.W.2d 50 (1980); see also, *Castore v. Chase,* 17 D & C 3d 104 (Adams Co., 1980) (breach of contract to construct residence); *Carter v. Rohrer,* 89 York 49 (Pa.Com.Pleas 1975) (negligent construction of house, breach of contract).

For the reasons stated above we conclude that plaintiffs have failed to state a claim for emotional distress. Defendant's motion to dismiss those portions of the complaint will therefore be granted.