**Benjamin BROOKS and Margaret Brooks**

v.

**William J. HICKMAN, Jr., and Parker/Hunter Inc.**

**Civ. A. No. 83–1313.**

United States District Court, W.D. Pennsylvania.

Jan. 31, 1984.

Peter N. Georgiades, Pittsburgh, Pa., for plaintiffs.

Timothy J. Burdette, Egler, Andstandig, Garrett & Riley, Jay W. Lewis, Pittsburgh, Pa., for defendant Parker/Hunter, Inc.

## MEMORANDUM ORDER

WEBER, District Judge.

Counsel for Defendant Parker/Hunter has filed a puzzling motion with the unwieldy title of "Motion for Leave to Join Third-Party Defendant on the Plaintiffs' Claim and to Add a Defendant on Parker/Hunter's Crossclaim and Counterclaim." Although awkward titles do not violate the Federal Rules of Civil Procedure, (and perhaps they should), the body of this motion reveals some fundamental confusion on the part of counsel on the Rules for pleading claims by a defendant.

■ First of all, the motion repeatedly refers to Defendant Parker/Hunter's "Crossclaim" against the Plaintiff Benjamin Brooks. Rule 13(g) makes clear that a Crossclaim by definition is directed against a co-party, e.g. a co-defendant, distinguishing it from a Counterclaim which is directed against an opposing party. Rule 13(a) & (b). Parker/Hunter's claim against Plaintiff is therefore properly termed a Counterclaim and counsel is hereby forbidden, on pain of further lecture, from referring again to this as a Crossclaim.

■ Defendant then asserts in the motion that one Milton Blain should be joined as a Third-Party Defendant because he is jointly liable with Plaintiff Benjamin Brooks on Parker/Hunter's claims. A reading of Rule 14 on Third-Party practice reveals that a defendant may bring into a suit a third-party "who is or may be liable to him for all or part of the plaintiff's claim against him." Parker/Hunter's motion does not allege any liability of Mr. Blain on Plaintiffs' claim against Parker/Hunter, but it does allege liability of Mr. Blain on Parker/Hunter's claims against the Plaintiff, whatever their title. This motion, as it stands, does not assert a basis for a Third-Party complaint.

■ To compound his confusion on Third-Party practice, counsel invokes Rule 19 on necessary and indispensable parties. Simply stated, Rule 19 does not provide or support the introduction of a third-party defendant into a lawsuit. Rather, Rule 19 provides that the court may, under proper circumstances, require the joinder of a non-party as a plaintiff, defendant or involuntary plaintiff. It does not empower the court to order joinder of a third-party defendant, because that is what Rule 14 is for.

However, counsel may not need to make reference to Rule 19 with its minefield of criteria for joinder. There are other means of bringing parties into a lawsuit. It appears that Rule 20, Permissive Joinder of Parties, may well be applicable. Joinder of defendants is permitted where the claims arise from the same transactional nexus. Rule 20 is specifically made applicable to counterclaims by Rule 13(h). Parker/Hunter has asserted that Blain and Mr. Brooks were involved in the same transactions giving rise to the asserted loss. There is however, not surprisingly, no mention of Rule 20 in this motion.

If, as we hypothesize, Rule 20 is applicable, Parker/Hunter's proper course of action would be to seek leave to amend its counterclaim under Rule 15(a) on amendment of pleadings to include the claims against Blain. Theoretically, Parker/Hunter may also seek an order requiring joinder of Blain as a necessary party *to the counterclaim* under Rules 19(a) and 13(h). While the latter course would be doing it the hard way, it would be one step better than the present motion because it would at least be done in accordance with the Rules.

■ In the course of its meanderings, the motion reveals a bald assertion that joinder of Blain will not deprive this court of subject matter jurisdiction. We will require counsel to more fully address the jurisdictional effect of joinder of a party in any forthcoming motion because this unsupported assertion is inadequate. We note that it is averred in the motion that Blain is a "resident" of Pennsylvania, and we therefore remind counsel that diversity jurisdiction is based on citizenship, not residence. There is no mention of the federal question basis for jurisdiction, nor is there any consideration of the effect of the proposed joinder on venue.

For the myriad reasons stated above, Parker/Hunter's Motion for Leave to Join, Etc., is hereby DENIED, with leave to file a further motion in accordance with the above memorandum and the applicable Federal Rules of Civil Procedure, on or before February 10, 1984. Plaintiffs shall file any response and brief on or before February 21, 1984.

■ Parker/Hunter has also filed a Motion For Suspension of Time in Which to Respond to Discovery. It is argued that because Plaintiffs' Interrogatories and Requests for Production of Documents are directed to the claims which are the substance of Parker/Hunter's efforts to add Mr. Blain, Parker/Hunter's response should be delayed until the court rules on those efforts. Parker/Hunter however has averred in its first motion that the claims against Mr. Brooks and Mr. Blain arise from the same transactions and occurrences. While we do not expect counsel to be consistent in all things, given the nature of alternative pleading and the job itself, this averment reveals the relevance of the requested discovery to the claims against Mr. Brooks, with or without Mr. Blain. The Motion to Suspend Discovery Responses is therefore DENIED.