Benjamin BROOKS and Margaret
Brooks, Plaintiffs,

v.

William J. HICKMAN, Jr. and Par-
ker/Hunter, Inc., Defendants.

Civ. A. No. 83–1313.

United States District Court,
W.D. Pennsylvania.

March 13, 1984.

Peter N. Georgiades, Rothman, Gordon,
Foreman & Groudine, Pittsburgh, Pa., for
plaintiffs.

Timothy Burdette, Pittsburgh, Pa., for
defendant Parker/Hunter.

## MEMORANDUM OPINION

WEBER, District Judge.

This represents our second in a growing
series of lectures in this case on proper
third-party practice. See *Brooks v. Hick-
man*, 101 F.R.D. 16 (W.D.Pa.1984).
However, we must first take a moment to
address Plaintiffs' Motion to Amend the
Complaint.

Plaintiffs have moved to amend their
complaint to allege wanton and reckless
administration of their investments by the
defendant Parker/Hunter,[1] and to claim
both compensatory and punitive damages
on this count. Defendant has opposed this
amendment, contending that it is untimely,
unfounded and an attempt to resurrect pre-
viously dismissed claims for emotional dis-
tress. See, *Brooks v. Hickman*, 570
F.Supp. 619 (W.D.Pa.1983).

Plaintiffs' amendments provide allega-
tions of gross negligence and reckless con-
duct which would support a claim for puni-
tive damages. Also, the amendment is not
barred by a statute of limitations because it

---

1. A default has been taken against Hickman.
Use of "defendant" in this opinion is to refer to

Parker/Hunter, Inc.

arises from the same transactions described in the original complaint and relates back to the filing of the original complaint under Fed.R.Civ.P. 15(c).

 However, as stated in our previous opinion, 570 F.Supp. 619, Pennsylvania law does not permit a claim for emotional distress for the mere loss of money, no matter how traumatic. Plaintiffs' Motion to Amend the Complaint will therefore be granted with the exception of the claims for emotional distress.

 And now, our feature lecture, which differs from the first in our series in that it is this time directed to the plaintiffs.

Parker/Hunter has moved for leave to file a third-party complaint under Fed.R.Civ.P. 14, and to amend its counterclaim to add an additional defendant. The proposed third-party defendant and defendant on the counterclaim are one and the same, a Dr. Milton Blain. Plaintiffs oppose the motion on various grounds which we will shortly address.

Defendant alleges that Dr. Blain was a participant with Mr. Brooks in a trading account with Parker/Hunter, and both signed agreements to indemnify Parker/Hunter for any losses on the account. This obligation of Dr. Blain is the basis of defendant's third-party complaint for indemnity for losses from the trading account claimed by Mr. Brooks. Defendant further alleges that Mr. Brooks and Dr. Blain, by their silence, led Parker/Hunter to believe that the trading account was operating lawfully, causing losses to Parker/Hunter. These allegations are the basis of Parker/Hunter's previously asserted counterclaim against Mr. Brooks, and defendant now seeks leave to join Dr. Blain as an additional defendant on the counterclaim under Fed.R.Civ.P. 13(h) and 20(a).

Plaintiffs have opposed defendant's motion on jurisdictional grounds. Plaintiffs' argument, stated succinctly and we believe accurately, is that Parker/Hunter lacks an independent jurisdictional ground for its claims against Dr. Blain, and because Dr. Blain is an indispensable party to the counterclaim as defined in Fed.R.Civ.P. 19, defendant's motion must be denied and its counterclaim dismissed in its entirety. We disagree.

We first note that defendant's third-party complaint requires no independent jurisdictional basis but may rest on ancillary jurisdiction. *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir.1980); 3 J. Moore, *Moore's Federal Practice*, § 1426 (2d ed. 1983). Plaintiffs' reliance on *Mickelic v. United States Postal Service*, 367 F.Supp. 1036 (W.D.Pa.1973) is misplaced. That case properly required an independent jurisdictional basis for a claim by a *plaintiff* against a third-party defendant. See also, *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). This situation is clearly distinguishable from the present case in which a *defendant* seeks to implead a non-party on a claim for indemnity. Ancillary jurisdiction is available in this situation. *Field*, 626 F.2d at 298–299.

 Plaintiffs further argue that Parker/Hunter must establish an independent jurisdictional basis for its affirmative claim against Dr. Blain which is to be unified with the existing counterclaim against Mr. Brooks. Again plaintiffs are mistaken.

Plaintiffs again cite *Mickelic*, 367 F.Supp. 1036, which is inapposite to this situation as well. That decision does not even remotely address the jurisdictional requirements for joinder of an additional defendant on a counterclaim.

The definitive statement in this Circuit is contained in *Schwab v. Erie Lackawanna Railroad Co.*, 438 F.2d 62 (3d Cir.1971). The Court held that a defendant who properly impleads a third-party defendant may assert a separate affirmative claim against him without an independent jurisdictional basis. Ancillary jurisdiction is available to cover such a situation and we conclude that it applies to Parker/Hunter's affirmative claim against Dr. Blain. This is particularly compelling because of the common nexus of fact which is found in Parker/Hunter's claims against both Mr. Brooks and Dr. Blain.

One final note is in order. In our previous opinion we chided counsel for the misuse of the terms "Counterclaim" and

"Crossclaim". Plaintiffs now evidence some misunderstanding of these labels in their brief. We remind counsel of the following statement of the Third Circuit in *Schwab:*

> The drafters of the Federal Rules were not simply acting as a collective Linnaeus of the law, engaging in classifications for their own sake. Although it is true that "labels have no *substantive* bearing on the content of a claim", the classification of a claim as a cross-claim will have a very real jurisdictional bearing. (citation omitted) Moreover, the denomination of a claim will determine the procedures available for asserting the claim." 438 F.2d at 66.

Finally, we see no obstacle to defendant's joinder of Dr. Blain as a third-party defendant and as an additional defendant on the counterclaim. All the claims asserted by Parker/Hunter against Dr. Blain arise from the same factual allegations which frame the existing dispute. For these reasons and those stated above, Parker/Hunter will be granted leave to file a third-party complaint and join Dr. Blain as an additional defendant on the counterclaim against Mr. Brooks.

An appropriate order will issue.