**NORTH AMERICAN HOTELS, LTD., t/a the Latham and Twin City Fire Insurance Company**

v.

**The HOME INDEMNITY COMPANY.**

**Civ. A. No. 85–4123.**

United States District Court, E.D. Pennsylvania.

May 28, 1986.

Mary Ellen Nepps, Sprecher, Felix, Visco, Hutchison & Young, Philadelphia, Pa., for plaintiffs.

Michael P. McKenna, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiffs North American Hotels, Ltd., t/a The Latham ("the Latham" or "the hotel"), and Twin City Fire Insurance Company ("Twin City") have filed a motion to dismiss the Latham from this diversity action. Twin City is a Minnesota corporation with its principal place of business in Connecticut. The Latham is a Pennsylvania limited partnership comprising a Pennsylvania corporation, a Texas corporation, and a Texas limited partnership with two limited partners who are citizens of New York. Defendant is The Home Indemnity Company ("Home"), a New Hampshire corporation with its principal place of business in New York. Unless the Latham is dismissed, the court may have no subject matter jurisdiction for lack of diversity of citizenship between defendant and the New York limited partners in the Texas limited partnership, which in turn is a limited partner in the Latham. *Carlsberg Resources Corp. v. Cambria Savings and Loan Association,* 554 F.2d 1254 (3d Cir.1977). Plaintiffs' motion is granted because the Latham is not a necessary and indispensable party under Fed.R.Civ.P. 19.

Plaintiffs seek a declaratory judgment to resolve a dispute between plaintiff Twin City and defendant Home, both the Latham's insurers, as to which is obligated to defend and indemnify the Latham in a state court action by a Latham employee for personal injuries. At the time the employee was injured in the course of employment, the Latham had in effect a comprehensive general liability policy with Twin City and a worker's compensation policy with Home. Twin City undertook the defense of the Latham in the state court action even though it contends that its policy expressly excluded coverage for personal injuries to hotel employees arising out of and in the course of employment. Subsequently, Twin City requested Home to assume the defense; Home refused to do so and Twin City together with the Latham filed this action to compel Home to defend the Latham and indemnify it to the extent the Latham may be found liable.

■ There are no special provisions concerning the parties needed for a just adjudication in declaratory actions. General principles of joinder control. 6A Moore, *Federal Practice,* ¶ 57.25 (1984). Federal Rule

of Civil Procedure 19 sets the standards for the mandatory joinder of parties. Fed.R. Civ.P. 19(a) provides when a party is necessary; Fed.R.Civ.P. 19(b) provides when a necessary party is indispensable. Therefore, the first step in disposing of the motion is to determine whether the Latham is a necessary party. If so, the court must then determine whether it is an indispensable party.

Rule 19(a) provides in pertinent part:

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.

■ On the facts of record, the Latham has no interest in its defense by one carrier rather than the other. The Latham's interest will be fully protected even if it is dismissed because whatever the outcome of the declaratory judgment, one or the other insurer will defend the Latham in the underlying state court action. Although the amount of coverage provided by Home under its policy is less than that provided by Twin City, Twin City has agreed, if it prevails here, to indemnify the Latham for the difference in coverage if the Latham is held liable in the state action for more than Home's coverage. Therefore, the disparity in coverage does not prejudice the Latham.

The interests of Twin City and Home will not be prejudiced if the Latham is dismissed. Home contends that unless the Latham agrees to be bound by the ruling

of this court, Twin City and Home risk later litigation by the Latham. But if Twin City prevails, Home must provide a defense and indemnify to the limit of its coverage and Twin City has agreed to indemnify the Latham for the excess. If Twin City does not prevail, it will continue to defend and indemnify. It is hard to understand how the Latham could have any interest in this litigation or subsequent litigation.

■ In determining possible prejudice, there must be more than a theoretical possibility; there must be a substantial risk. Here, there is no substantial risk. *See* 3A Moore, *Federal Practice,* ¶ 19.07–2[1] (1985); *State Farm Automobile Insurance Co. v. Mid-Continent Casualty Co.,* 518 F.2d 292, 295 (10th Cir.1975). In *State Farm,* the Court held that the lessee of a rental automobile was not a necessary party in an action by lessee's insurer against lessor's insurer to establish the obligation to defend a tort action arising from the lessee's operation of lessor's automobile.

■ The Latham is not a necessary party under Rule 19(a). However, even if the Latham were a necessary party, dismissal of the Latham would be appropriate because it is not an indispensable party under Rule 19(b). Federal Rule of Civil Procedure 19(b) provides:

**(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; three, whether a judgment rendered in the person's absence will be adequate;

fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

For the reasons discussed previously, a judgment rendered in the Latham's absence will not be prejudicial to it or to those remaining as parties. The prejudice to the Latham, if any, has been avoided by the indemnity agreement of Twin City. A judgment rendered in the Latham's absence will adequately protect the remaining plaintiff and not prejudice the defendant.

If the action is dismissed for lack of diversity jurisdiction, Twin City and the Latham could bring this action jointly in state court pursuant to Pa.R.Civ.P. 1601 (providing for declaratory judgment actions). But it would cause a significant delay in deciding which insurer must defend the personal injury suit against the hotel and such relief might not be timely. There is no justification for requiring the Latham to remain a party or defeating the diversity jurisdiction of this court.

Finally, the court can shape relief to protect the parties. To protect the hotel's interest in complete indemnification, the court would incorporate in a judgment against Home the Twin City agreement to indemnify the Latham in any amount in excess of Home's coverage. Likewise, the court will require that the Latham be bound by any judgment of this court as a condition of dismissal in order to protect the parties against the risk of subsequent litigation.

In *Bituminous Insurance Co. v. Pennsylvania Manufacturers' Assoc. Ins. Co.*, 427 F.Supp. 539 (E.D.Pa.1976), the court held a general contractor was not an indispensable party in an action by its insurer against the subcontractor's insurer to compel defense of the general contractor in a state court proceeding against the general contractor and the subcontractor. Defendant's interest in joinder of the insured was found "more theoretical than real" because, as here, it appeared "to be a matter of indifference" to the general contractor whether one or the other insurer defended it. *Id.* at 546–47. Moreover, the insured's interest was fully protected because the outcome of the declaratory judgment action provided a determination of which insurer was obligated to defend the general contractor for claims arising from the construction project. *Id.* at 547. Dismissal for failure to join an indispensable party was held not in the interests of justice. In *Bituminous,* the underlying dispute had already been tried. *Id.* at 548. This action is only at a preliminary stage but concern for judicial economy precludes dismissal of the real dispute here also. The Latham is not an indispensable party within the meaning of Fed.R.Civ.P. 19.

Defendant contends that if the court grants plaintiffs' motion to dismiss, terms and conditions should be imposed under Rule 41(a)(2). Rule 41(a)(2) provides that the court has discretion to dismiss a case "upon such terms and conditions as the court deems proper." Defendant requests that the court order the Latham: 1) to be bound by any judgment of this court; 2) to designate a witness pursuant to Rule 30(b)(6) for deposition or for trial; and 3) to pay costs and attorneys' fees incurred by defendant in defending the claims presented while the Latham was a party.

 The likelihood of subsequent suit by the Latham is slight. However, to ensure that there is no subsequent litigation, the Latham's agreement to be bound by any judgment of this court will be a condition of its dismissal. Defendant's request that the Latham designate a witness is denied as unnecessary. The Latham will be required to cooperate in discovery as appropriate under the Federal Rules of Civil Procedure. Defendant's request for attorneys' fees and costs is also denied. Dismissal of the Latham in no way changes the claim against defendant so that the imposition of fees and costs is inappropriate.