**KING FISHER MARINE SERVICE, INC., a Texas corporation, Plaintiff,**

v.

**The HANSON DEVELOPMENT COMPANY, a Delaware corporation, Defendant and Third Party Plaintiff,**

v.

**LANGAN ENGINEERING ASSOCIATES, INC., a corporation, and Highlands Insurance Company, a Texas corporation, Third Party Defendants.**

No. T–5258.

United States District Court,
D. Kansas.

Sept. 4, 1987.

Mikel L. Stout, Robert C. Foulston and Fred Haag, Wichita, Kan., for plaintiff.

John C. Frieden, Topeka, Kan., for defendant and third party plaintiff Hanson Development Co.

Mikel L. Stout of Foulston Siefkin Powers & Eberhardt, Wichita, Kan., for third party defendant Highlands Ins. Co.

Richard F. Hayse, Topeka, Kan., and Issac Kaiser, Denver, Colo., for third party defendant Langan Engineering Associates, Inc.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon a motion to vacate judgment and dismiss the

third-party petition. The movant is third-party defendant Langan Engineering Associates, Inc. ("Langan"). The defendant that received the judgment Langan seeks to vacate is 21st Phoenix Corporation, formerly the Hanson Development Company ("Hanson"). Plaintiff is King Fisher Marine Service, Inc. ("KFMS").

This case was filed in 1972 by KFMS in the state district court of Sedgwick County, Kansas. The case arises from a contract between KFMS and Hanson for dirt work at a shopping center site in Wichita, Kansas. Under the agreement, KFMS was to finish the dirt work within seven months of receiving notice to commence operations. Hanson had hired Langan to conduct site evaluation, planning and contract supervision in connection with the project. The suit by KFMS sought $64,836.80 on the contract; $16,974.00 in additional expenses resulting from mutual mistake of fact; and $45,867.50 in delay damages not contemplated by the contract. Approximately one month after the suit was filed in state court, Hanson sought to remove the case to this court on the grounds of diversity jurisdiction. KFMS was a Texas corporation; Hanson had its principal place of business in New Jersey. The case was removed to this court and Hanson then filed an answer with a counterclaim against KFMS for delay in completion of the project. The counterclaim was for the amount of $136,395.00.

On December 14, 1973, Hanson moved for leave to file an amended answer, counterclaim and third-party complaint in order to join Highlands Insurance Company on its counterclaim against KFMS and to implead Langan as a third-party defendant. The amended answer asserted an ancillary claim that Langan was liable for any damages found in favor of KFMS against Hanson. It further asserted a claim for damages in excess of the ancillary claim to the effect that if KFMS was not liable for the delay damages asserted in the counterclaim, then Langan was responsible for such damages. Plaintiff opposed the amended answer, but Judge Templar rejected such opposition and permitted the amended answer to be filed.

Langan filed an answer to the third-party complaint, making no challenge as to this court's jurisdiction. As part of its answer, Langan asserted a counterclaim against KFMS. The counterclaim asserted that KFMS was responsible for the delay damages alleged by Hanson in the third-party complaint.

On January 23, 1978, local counsel for Langan withdrew and Langan was directed to retain other local counsel. On January 16, 1979, several months after an initial trial setting, a second trial notice was sent to counsel. On February 13, 1979, this court sustained a motion to withdraw from Langan's remaining counsel. The court indicated that this action would not alter the trial setting. The trial went forward on April 9, 1979, but Langan did not appear. The court was informed that KFMS, Hanson and Highlands Insurance Company had reached a settlement of the claims against each other. The settlement required Hanson to pay KFMS $60,000.00 plus interest. The court approved this settlement and permitted Hanson to proceed with its third-party claim against Langan. Evidence and argument was considered with regard to the third-party claim. On April 11, 1979, the court filed a journal entry approving the settlement between Hanson and KFMS and awarding Hanson a judgment against Langan for $155,703.50, an amount obviously in excess of the ancillary claim.

No appeals were taken. But, on October 3, 1983, Langan filed a motion to set aside the judgment against it on the grounds that Langan had no notice of the trial date or the entry of judgment. This court denied the motion and the Tenth Circuit Court of Appeals later affirmed that decision. On November 13, 1985, the instant motion to vacate judgment was filed. In this motion, the first challenge to subject matter jurisdiction was made.

The motion to vacate is predicated on the fact that Langan and Hanson were not diverse parties. Both parties had their principal places of business in New Jersey. The third-party complaint does not raise claims under federal statutes. Therefore,

no independent jurisdictional anchor existed for Hanson's claims against Langan. Langan had an ancillary claim under FED. R.CIV.P. 14(a) for any sum for which it was held liable to KFMS. Tied to the ancillary claim were claims for delay damages in excess of the ancillary claim. Langan does not contest this court's ancillary jurisdiction over the impleader claim brought under Rule 14. However, this court granted judgment in favor of Hanson on the excess claims. The issues currently before this court are: whether this court had jurisdiction to decide the excess claims; whether this court should have exercised that jurisdiction; and whether the jurisdiction of this court can now be attacked upon a Rule 60(b)(4) motion.

The parties have submitted thorough briefs on these questions. While the court has given the briefs and the authorities cited therein careful attention, this opinion will not attempt to review each citation and argument on the issues presented for decision. Indeed, this opinion shall not attempt to decide whether Langan's arguments are properly heard at this juncture via a Rule 60 motion. The conflict of authority on this issue is reflected by contrasting *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir.1986) with *Collins v. Foreman*, 729 F.2d 108 (2d Cir.1984). In *Nemaizer*, the court held that only actions which "plainly usurp jurisdiction" can be challenged under Rule 60(b)(4) and that "a court will be deemed to have plainly usurped jurisdiction only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." 793 F.2d at 65. In *Collins*, the same circuit court considered the merits of a Rule 60(b)(4) motion which challenged a judgment rendered by a magistrate on the grounds that the statute authorizing magistrates to render such judgments was unconstitutional and, therefore, the magistrate lacked subject matter jurisdiction. Obviously, the magistrate did not plainly usurp jurisdiction. Nevertheless, the court gave the constitutional issue complete consideration. We have not found a Tenth Circuit case which clearly decides when subject matter jurisdiction can be challenged under Rule 60(b)(4).

Assuming that Langan's jurisdictional challenge is properly made at this time, the court believes that it had the jurisdictional authority and did not abuse its discretion in exercising that authority when it rendered the judgment which Langan seeks to vacate. A line of cases has approved the taking of jurisdiction over an additionally joined claim of a third party plaintiff against a third party defendant when the additional claim is sufficiently related to the ancillary claim. *United States v. City of Twin Falls, Idaho*, 806 F.2d 862 (9th Cir.1986); *Schwab v. Erie Lackawanna Railroad*, 438 F.2d 62 (3d Cir.1971); *Noland Company v. Graver Tank & Manufacturing Co.*, 301 F.2d 43 (4th Cir.1962); *Brooks v. Hickman*, 101 F.R.D. 19 (W.D. Pa.1984); *Executive Financial Services, Inc. v. Heart Chec, Inc.*, 95 F.R.D. 383 (D.Colo.1982); see also, *Ruckman & Hansen, Inc. v. Contracting & Material Co.*, 328 F.2d 744 (7th Cir.1964).

Langan has not seriously contested some of the discretionary factors which are considered when federal courts exercise jurisdiction over a state law claim. The additional claims made by Hanson against Langan come from a nucleus of facts common to the other claims in the lawsuit so that judicial economy and convenience was served by considering all the claims together. No unfairness from the exercise of jurisdiction has been asserted by Langan. Moreover, as Hanson notes, the exercise of jurisdiction promoted Hanson's statutory removal rights by not forcing Hanson to choose between defending against plaintiff's claims in state court and bringing closely related claims against Langan. Some reference has been made to the "settlement" of the main claim in this case prior to the decision on Hanson's third-party claims. The court did not lose its power to decide the third-party claims after the "settlement" of the plaintiff's cause of action and, given the time spent on the case, the exercise of the court's power to hear the third-party claims was not an abuse of discretion. See *Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449 (7th Cir.) *cert. denied*, 459 U.S. 880, 103 S.Ct. 177, 74

L.Ed.2d 145 (1982); *Transok Pipeline Co. v. Darks,* 565 F.2d 1150 (10th Cir.1977) *cert. denied,* 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).

Langan's main argument is that the diversity claim between plaintiff and KFMS and Hanson or the ancillary impleader claim brought by Hanson against Langan is not a sufficient jurisdictional anchor for Hanson's additional claims. Langan relies upon the holding in *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) to support its argument. However, the facts of *Kroger* are distinguishable from those of the instant case. *Kroger* involved a plaintiff who amended a complaint to bring a claim against a nondiverse party who had been added to the case previously as a third-party defendant. If this exercise of jurisdiction had been approved in *Kroger,* then, contrary to statute, plaintiff would have been allowed to bring a state law claim in federal court against a nondiverse party. Furthermore, the potential would be created for plaintiffs to avoid the normal diversity requirements by suing diverse defendants in federal court and waiting for them to bring in nondiverse parties on third-party petitions. It was argued that the exercise of jurisdiction was proper because the third-party defendant had been properly added to the suit through an impleader action. But, in *Kroger,* there was no logical dependence between plaintiff's claim against the third-party defendant and the other claims in the suit. Moreover, plaintiff chose the federal forum; she had the opportunity to bring all her claims in state court had she so chosen.

In the instant case, this court had the constitutional power to decide all of Hanson's claims against Langan. The claims arose from a common nucleus of facts. The court also had the statutory authority to decide these claims. The Congressional demand for complete diversity was not circumvented by the exercise of jurisdiction. The plaintiff, KFMS, and defendant, Hanson, were of diverse citizenship. While the third-party plaintiff and third-party defendant were not of diverse citizenship, the courts have not construed the diversity statute to require such diversity as long as the third-party plaintiff brings a claim which is logically dependent upon the outcome of the main action. Of course, in the instant case, other claims were made which were not logically dependent on the main action, although they were logically related to the main action. The court believes this logical relationship was sufficient to trigger the court's statutory jurisdictional authority because it permitted the resolution of "an entire, logically entwined lawsuit" (437 U.S. at 377, 98 S.Ct. at 2404) as Congress would have intended. Moreover, as stated previously, the exercise of jurisdiction promoted statutory removal rights. Therefore, although Hanson chose the federal forum in this case, the course taken by this court did not force Hanson to choose between removal and an efficient resolution of all the claims in this matter.

For these reasons, the court believes this case is distinguishable from *Kroger* and that this court had the constitutional and statutory authority to exercise jurisdiction as have other courts in similar situations. Furthermore, the court is not convinced that its exercise of jurisdiction was an abuse of discretion. Accordingly, even assuming that the jurisdictional challenge of Langan is permitted under Rule 60(b)(4), the challenge is without merit.

IT IS THEREFORE ORDERED that the motion to vacate and dismiss be denied.

IT IS SO ORDERED.