## CHURCH MUTUAL INSURANCE COMPANY, Plaintiff,

v.

## SAVE–A–BUCK CAR RENTAL COMPANY, INC., a Michigan corporation, Defendant.

### No. 1:99–CV–52.

United States District Court,
W.D. Michigan,
Southern Division.

April 3, 2000.

Mary C. Rentz, Milind Parekh, Plunkett & Cooney, PC, Detroit, MI, for plaintiff.

Raymond W. Morganti, Siemion, Huckabay, Bodary, Padilla, et al., Southfield, MI, for defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION FOR JOINDER OF PARTIES, OR TO DISMISS

MILES, Senior District Judge.

On June 19, 1997, Carol Goodwin rented a 1988 Dodge automobile from defendant Save–A–Buck Car Rental Company, Inc. ("Save-a-Buck"). On the following day, Goodwin was involved in an auto accident while driving the rental vehicle within the state of Ohio. Several of her passengers were injured in the accident, and one or more of them has asserted claims against Goodwin, her employer Zion Lutheran Church ("Zion"), and Save-a-Buck. Plaintiff Church Mutual Insurance Company ("Church") was Zion's insurer at the time of the accident.

On January 25, 1999, Church filed this action against Save-a-Buck. Invoking the court's diversity jurisdiction, Church's complaint sought a declaratory judgment (1) that Save-a-Buck, as owner/lessor of the rental vehicle is primarily responsible under Michigan law for providing defense and coverage to Carol Goodwin on the tort claims asserted against her arising from the June 20, 1997 motor vehicle accident; (2) that Save-a-Buck has unlimited liability for personal injury claims as a consequence of the accident; and (3) that any coverage provided by Church is excess over that to be provided by Save-a-Buck. The matter is now before the court on Save-a-Buck's "Motion for Joinder of Parties, or to Dismiss," filed under Fed.R.Civ.P. 19(b). In its motion, Save-a-Buck argues that Carol Goodwin and/or her tort-claimant passengers are indispensable parties to this action. Church has opposed the motion. For the reasons to follow, the court denies the motion.

### Analysis

At the outset, the court observes that Save-a-Buck's answer to the complaint, filed on June 7, 1999, contains no mention of its Fed.R.Civ.P. 19 joinder defense. Fed.

R.Civ.P. 12(b) provides that a motion asserting such a defense "shall be made before pleading if a further pleading is permitted." Under the circumstances, it would appear that under the provisions of Rule 12(b), Save–a–Buck has waived the defense of failure to join a necessary party under Rule 19, even if it could not be deemed to have waived the defense of failure to join an indispensable party, under Rule 12(h). *State Farm Mutual Automobile Ins. Co. v. Mid–Continent Casualty Co.,* 518 F.2d 292, 294 (10th Cir. 1975).

It is also noted that the Case Management Order entered in this action on July 30, 1999 provided that all motions for joinder of parties and all motions to amend the pleadings were to be filed by not later than September 1, 1999. This order did not, despite what Save–a–Buck might think, revive Save–a–Buck's Rule 19 joinder defense. Rather, it had the effect of providing a deadline by which Save–a–Buck could have—had it sought to do so—moved for leave to amend its pleadings under Fed.R.Civ.P. 15, in order to assert its own claims for relief under Fed.R.Civ.P. 13(h) and/or permissive joinder of additional parties under Fed.R.Civ.P. 20. *See Brooks v. Hickman,* 101 F.R.D. 16, 18 (W.D.Pa.1984) ("Rule 20 is specifically made applicable to counterclaims by Rule 13(h)"). Save–a–Buck did neither.

Frankly, it is unclear to the court why Save–a–Buck believes that Rule 19 is applicable to this situation. In its motion, Save–a–Buck asserts, in a purely conclusory fashion, that (1) "complete relief cannot be accorded among the current parties" in the absence of Goodwin and the tort plaintiffs, and (2) "it would make little sense for this matter to proceed in this Court, unless it was absolutely certain that any judgment by this Court would be binding upon [those persons]." Motion for Joinder of Parties, or to Dismiss, ¶s 8, 9. However, certain fundamental information is missing from Save–a–Buck's motion, including, among other things, (1) on what side, or as what type of parties, should these missing persons be joined, and (2) what effect, if any, such a joinder would have on the court's subject matter jurisdiction or the venue of this proceeding. Save–a–Buck leaves to the court the task of answering these questions; either that, or it hopes that it will succeed in procuring a dismissal even absent their resolution.

It is apparent, however, that Save–a–Buck would not have succeeded even if it had filed a timely, proper motion for Rule 19 joinder. "There are no special provisions concerning the parties needed for a just adjudication in declaratory actions," and therefore "[g]eneral principles of joinder control." *North American Hotels, Ltd. v. The Home Indemnity Co.,* 112 F.R.D. 25, 26 (E.D.Pa.1986). Fed. R.Civ.P. 19, which sets the standards for mandatory joinder of parties, provides in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to

be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Section (a) of Rule 19 provides when a party is necessary, while section (b) provides when a necessary party is indispensable; therefore, the first step in disposing of a motion under the rule is to determine whether the person sought to be joined is a necessary party. *North American Hotels,* 112 F.R.D. at 27.

We know that neither Goodwin nor her tort claimants falls under the provision of Rule 19(a)(2)(i). How do we know that their absence will not "as a practical matter impair or impede" their ability to protect their interest? Save–a–Buck tells us this itself, for, according to its brief in support of its motion, in the absence of these other persons, "any judgment by this Court would not be binding upon [them]." Motion for Joinder, at p. 4. Therefore, prejudice to these persons is not a factor which would necessitate their participation in this proceeding.

If prejudice to those not present is not the basis for Save–a–Buck's motion, then the reason for its motion must be either Rule 19(a)(1) or 19(b)(2)(ii). As noted above, in its motion Save–a–Buck does conclusorily assert, tracking the language of Rule 19(a)(1), that in the absence of Goodwin and her tort claimants, "complete relief cannot be accorded among the current parties." Motion for Joinder, ¶ 8. Why can't any dispute between Save–a–Buck and Church be resolved without the presence of these other persons? Save–a–Buck does not say.

What Save–a–Buck does say is that "it would make little sense to litigate [the issues of coverage] in this Court unless this Court's judgment would be binding on all parties having an interest in this issue." Motion for

Joinder, at p. 4. This appears to be simply another way of saying that the declaratory judgment action as presently framed by the pleadings may not be the best means of resolving this dispute among everyone who might possibly become involved in coverage issues. However, in resolving a motion under Rule 19, the court is "required to look to 'practical possibilities more than theoretical possibilities' in considering possible prejudice to parties." *Mid–Continent Casualty Co.,* 518 F.2d at 295 (citation omitted); *see North American Hotels,* 112 F.R.D. at 27 ("In determining possible prejudice, there must be more than a theoretical possibility; there must be a substantial risk"). However, the record before the court indicates that none of the other persons whom Save–a–Buck seeks to join has any interest in participating in this lawsuit; according to Church, all of them have been notified of this action—and none of them has chosen to intervene. *See* Church Mutual Insurance Company's Response to Defendant's Motion for Joinder of Parties, Exhibits A—F. Under the circumstances, Save–a–Buck is unlikely to be subject to multiple litigation on the same issue. *Austin Fireworks, Inc. v. T.H.E. Insurance Co.,* 809 F.Supp. 829, 831 (D.Kan.1992). Indeed, it is difficult to see why Goodwin or the tort claimants would want or need to intervene, for, regardless of the outcome of this action, their interests will be financially protected by Church, Save–a–Buck, or by someone else— namely, Save–a–Buck's insurer, who, like Goodwin and her tort claimants, is also not present here, but who, unlike Goodwin and her tort claimants, no one has sought to join. *See Wright v. Albuquerque Auto–Truck Stop Plaza, Inc.,* 591 F.2d 585, 587 (10th Cir.1979) (insurer was not an indispensable party to plaintiff's tort action against tortfeasors, although insurer could have been joined upon a timely motion). An insured person—even if this is what Goodwin and the tort claimants are—is not an indispensable party even to an action between insurers concerning their respective liabilities. *The Home Ins. Co., Inc. v. Liberty Mutual Ins. Co.,* 678 F.Supp. 1066, 1070 (S.D.N.Y.1988) (citing *Wyoming County v. Insurance Co. of North America,* 518 F.2d 23 (2d Cir.1975)).

In summary, the court finds that Save–a–Buck has waived the defense of Rule 19 joinder, by failing to assert it in either its answer or a pre-answer motion. However, in any event, no one whom Save–a–Buck has sought to join is either necessary or indispensable to the action as those terms are defined by Rule 19. The court therefore denies Save–a–Buck's motion.