STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, a corporation, Plaintiff-Appellee,

v.

MID–CONTINENT CASUALTY COMPANY, a corporation, Defendant-Appellant.

No. 74–1462.

United States Court of Appeals, Tenth Circuit.

Submitted March 25, 1975.

Decided June 27, 1975.

G. Kent Fleming, Oklahoma City, Okl., for defendant-appellant.

Anthony W. Speck, Oklahoma City, Okl., for plaintiff-appellee.

Before HILL, SETH and BARRETT, Circuit Judges.

HILL, Circuit Judge.

The tort claim spawning this present insurance litigation resulted from the following facts. On March 27, 1972, Lance Garton rented a car from the Budget-Rent-A-Car (Budget) office at an Oklahoma City airport. Within a few minutes of leaving the airport, Garton was involved in an accident while driving the rental car. Carol Ammerman was a passenger in the other vehicle involved in that accident. A police officer, investigating the accident, arrested Garton for driving under the influence of intoxicants. Garton apparently returned to California, failed to appear on the charge filed against him, and had a bench warrant issued for his arrest on the charge. Carol Ammerman and her husband instituted a tort suit in an Oklahoma state court claiming total damages (compensatory and punitive) of $481,200. Named as defendants were Garton and Jordan Rental Service, Inc. (Jordan Rental), which did business as Budget.

Garton was a named insured on an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) which was in effect on March 27, 1972, and provided some liability coverage. Mid-Continent Casualty Company (Mid-Continent) was the automobile liability insurer on March 27, 1972, for Jordan Rental. Mid-Continent demanded that State Farm, as primary carrier, defend Garton and Jordan Rental in the tort action. To prevent a default judgment in the tort action, State Farm filed a motion to quash; State Farm mailed a reservation of rights letter to Garton and demanded that Mid-Continent assume the defense.

State Farm filed the instant action under 28 U.S.C. § 2201 seeking a determination that Mid-Continent has coverage under its policy for Garton, that Mid-Continent provide a defense for Garton in the tort suit and pay costs of the defense previously provided by State Farm, and that State Farm does not have coverage under its policy. Mid-Continent answered that coverage for

Garton was excluded under provisions of its policy and counterclaimed seeking a declaration that State Farm had coverage for Garton. The trial court determined that Mid-Continent has the primary insurance coverage on the car driven by Garton and that Mid-Continent has the primary responsibility to defend the tort lawsuit and to pay any judgment rendered therein.

Mid-Continent first contends that ". . . proper and indispensable parties do not exist in this litigation because Garton is not named as a party." The trial court specifically concluded that State Farm and Mid-Continent were the only necessary and indispensable parties to this action.

■ There are no special provisions detailing parties needed for a just adjudication in declaratory actions; general principles of joinder control. 6A Moore, Federal Practice ¶ 57.25 (1974).

Rule 19, F.R.Civ.P., sets the standards for the mandatory joinder of parties. That Rule provides in pertinent part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

(b) Determination by Court Whenever Joinder not Feasible. If a person, as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

■ Here the contention that a proper or indispensable party was lacking was not made in the responsive pleading or in a pre-pleading motion. We are not concerned that Garton may have been a proper party, as a proper party is only one who *may* properly be joined. 3A Moore, *supra* at ¶ 19.19. No objection was made that Garton was a necessary party under Rule 19(a), so that objection is waived. Rather, we are confronted with the issue of whether Garton is an indispensable party under Rule 19(b). This objection can be made at any time and a court can raise the matter *sua sponte*. F.R.Civ.P. 12(h)(2); 3A Moore, *supra*.

The trial court apparently decided that Garton was not a party to be joined if feasible, a conditionally necessary party. F.R.Civ.P. 19(a). If the trial court were correct in this determination, we would not consider the applicability of 19(b) which provides for determinations of indispensability of parties.

For Garton to be a conditionally necessary party, he must come within one or more of the three options of Rule 19(a). Clearly, complete relief was accorded between the parties in this case; consequently, we do not have a situation described in 19(a)(1). As a prerequisite to being a person to be joined if feasible under 19(a)(2), Garton must claim an interest relating to the subject of the action. In the present case, claims aggregating to $481,200 have been filed against Garton and Jordan Rental d/b/a Budget. The appropriate endorsement on the Mid-Continent policy indicates bodily injury limits of $100,000 per person and $300,000 per occurrence. The State Farm policy had limits for bodily injury of $15,000 per person and $30,000 per accident. Both policies might not provide sufficient coverage. We believe Garton has an interest in receiving the maximum amount of insurance coverage for himself. As State Farm has recog-

nized, one outcome (the one we approve) is that both insurers would provide coverage.[1] Thus, we believe Garton had a 19(a)(2) interest in this litigation.

We do not know if the district court merely determined Garton had no interest in the litigation or if the court felt this case did not come within either 19(a)(2)(i) or (ii). We have, however, determined Garton had the requisite interest and must determine if the trial court could have correctly determined neither 19(a)(2)(i) nor (ii) would make Garton a conditionally necessary party. In deciding this matter, the trial court could not determine in advance how the case would be decided and then determine Garton would not be a conditionally necessary party who was possibly indispensable. *See* Hilton v. Atlantic Ref. Co., 327 F.2d 217 (5th Cir. 1964).

■ Based upon the issues as defined in the pleadings, Garton could have been denied coverage from either State Farm or Mid-Continent or might have been held to have coverage by both. As a practical matter, a determination would not impair or impede Garton's ability to protect his interest. The declaratory judgment is not *res judicata* as to Garton, a non-party. *E. g.,* Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co., 416 F.2d 707 (7th Cir. 1969). Garton could relitigate this matter, and we believe any interest he has could be protected then. There is no reason to infer either insurer could not pay its obligation to Garton.

■ The closer question involves subsection (ii) where we must consider the judgment's effect on the present parties if subsequent litigation results. In its pre-decision posture, the trial court properly could have determined there was no risk of double or multiple obligations being incurred by either party. This action or a subsequent one brought by Garton could only determine that the insurers had to pay judgments within the policies' limits. A determination that primary and excess coverage existed would not have affected Garton's real interest and litigation by Garton following that type of determination would not have been a substantial risk. The other alternative was that one company would provide coverage and the other would not. If coverage were held to be available only from State Farm (lower liability limits) and a tort suit resulted in a judgment in excess of those limits, there was a risk of litigation by Garton. A result in that subsequent suit holding Mid-Continent liable would be an inconsistent judgment. We, like the trial court, are required to look to "practical possibilities more than theoretical possibilities" in considering possible prejudice to parties. 3A Moore, *supra* at ¶ 19.07–2[1]. Garton had shown no interest or concern with the litigation. Any judgment rendered in the tort action might be within either insurer's limits. Consequently, we hold there was not a substantial risk of inconsistent obligations resulting from subsequent litigation.

Appellant points to two Seventh Circuit cases, Travelers Indem. Co. v. Standard Acc. Ins. Co., 329 F.2d 329 (1964), and Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co., *supra,* to support its claim of indispensability. That court mentioned the lack of a *res judicata* effect on the missing parties and said that without the insured or the injured party the declaratory judgment would only be an advisory opinion between insureds. The court did not analyze the issue in terms of Rule 19. We believe that the lack of *res judicata* is considered when a party is analyzed under Rule 19(a)(2). That element is again a factor of the analysis under Rule 19(b)—which we have not reached here. This Court has previously allowed similar declaratory relief in the absence of the insured and

---

1. State Farm relies on St. Paul Fire & Marine Ins. Co. v. Aetna Cas. & Sur. Co., 357 F.2d 315 (10th Cir. 1966). Although we reach a like result, that case is distinguishable from the present case. There each insurer conceded its obligation to pay the entire loss (which had been determined by judgment) if the other did not. The insured was fully protected and, consequently, had no interest in the action.

injured parties, although apparently the indispensable party issue was not raised. *See* United Services Auto. Ass'n v. Royal Globe Ins. Co., 511 F.2d 1094 (10th Cir. 1975); Security Ins. Co. v. Alliance Mut. Ins. Co., 408 F.2d 878 (10th Cir. 1969).

The Seventh Circuit cases also were concerned with the interest of an insured in his right to have the defense he contracted for with his own insurer. Here we have a case where Garton received some insurance coverage when he signed the car lease. This is not like *Travelers* where an insurer was attempting to have its insured protected by an unrelated insurer. Garton was an insured of both companies, although named only on the State Farm policy. Consequently, we do not believe the duty to defend by one particular insurer is an interest Garton had in this action; one company or both would have been required to defend and he would not have been subjected to a company with which he had not, at least indirectly, contracted. Although there is a possibility the insurers could have been subjected to inconsistent obligations involving the duty to defend, that does not appear to be a substantial risk as Garton apparently has not sought a defense from either insurer throughout the proceedings.

■ Two further matters mentioned by appellant run into another difficulty. First, appellant points to the general rule that where an insurer takes charge of an insured's case, the insurer is estopped to deny coverage. Second, appellant asserts that coverage should be excluded from Garton under either policy because of his total non-cooperation in assisting with the defense of the state court action. Neither issue was raised in any responsive pleading in the trial; both were mentioned in the trial brief. Neither issue was tried by the express or implied consent of the parties. Appellant's counsel mentioned the non-cooperation argument to the court. The court indicated that the matter was not before it, and appellant's counsel responded that the issue was submitted to indicate that

a decision made by the trial court would not be final.

> F.R.Civ.P. 8(c) ". . . requires a party pleading to a preceding pleading to set forth affirmatively all matters which the pleading party intends to use as an avoidance or affirmative defense. If such defenses are not affirmatively pleaded, asserted with a motion under Rule 12(b) or tried by the express or implied consent of the parties, such defenses are deemed to have been waived and may not thereafter be considered as triable issues in the case."

Radio Corp. of America v. Radio Station KYFM, Inc., 424 F.2d 14 (10th Cir. 1970).

These two issues were waived, and we are precluded from considering them.

Another matter raised by appellant is ". . . whether the court should assume jurisdiction of this declaratory judgment and enter an order. . . ." To support its argument, appellant points to the possibility of indispensable parties not being named to the action, "other insurance" clauses with varying applications of excess liability, the possible application of non-cooperation clauses which could vitiate liability of either insurer to Garton, and the fact that any judgment rendered with the present parties would be insufficient to terminate this litigation.

■ Appellant apparently is contending this case is one in which the trial court should have exercised its discretion and not granted declaratory relief. We recognize that all interested parties should be joined in a declaratory judgment action whenever possible and that a declaratory judgment should not be entered unless it disposes of a controversy and serves a useful purpose. *E. g.,* Allstate Ins. Co. v. Thompson, 121 F.Supp. 696 (W.D.Ark.1954). Here we have determined all conditionally necessary and indispensable parties were present. The action when completed will serve a useful purpose by determining which insurer should take immediate charge of the defense in the pending tort

suit. Although subsequent events may create new controversies, we cannot say the trial court abused its discretion in assuming jurisdiction and granting declaratory relief.

Mid-Continent also presents an argument concerning the applicability and effect of certain exclusions and "other insurance" clauses. State Farm's policy contains the following provision:

All of the foregoing provisions and all coverages are subject to the following:

(b) The insurance with respect to . . . subparagraph iii a non-owned automobile. Owned by any person or organization engaged in the automobile business shall not apply to any liability or loss against which the insured or the owner of such vehicle has other collectible insurance applicable thereto, in whole or part.

A subsequent policy paragraph providing, inter alia, for excess coverage with respect to any other non-owned automobile is made expressly subject to the quoted paragraph. Consequently, the policy provision we initially consider is not the excess clause but the "no-liability" clause. The trial court held this was a valid exclusion and concluded State Farm did not provide coverage for Garton.

Mid-Continent argued in the court below and in this court that an endorsement to its policy excluded coverage to Garton. That endorsement, apparently effective at the time of the accident, provides:

In consideration of the premium charged, it is agreed that while the automobile is rented by the named insured to others, the insurance shall not apply to the rentee if other valid and collectible automobile liability insurance, either primary or excess, is available.

The trial court did not make a finding or conclusion concerning the effect of this clause. There was no determination it was invalid and there was no determination it did not apply to this case. The trial court apparently first considered State Farm's policy, found "other insurance" available, and determined the "escape" clause could operate. An opposite result could be reached by first considering Mid-Continent's policy. Consequently, we find the trial court's logic to be unacceptable.

We have not been cited to nor have we located any Oklahoma cases dealing with the problem of mutually repugnant "other insurance" clauses. Our situation involves two "escape" (no liability) clauses; there is some authority that when escape clauses are mutually repugnant, the loss will be prorated. 16 Couch, Cyclopedia of Insurance Law § 62.84 (Cum.Supp.1974). In our case, however, the battle of "other insurance" clauses does not end with the escape clauses. State Farm's policy, as previously mentioned, contains the following paragraph after the escape clause:

(c) Subject to the foregoing paragraph (b), the insurance with respect to any other temporary substitute automobile, trailer or non-owned automobile shall be excess over other collectible insurance.

Mid-Continent's policy contains an "other insurance" clause providing for "pro rata" type liability.[2] Consequently, we

---

**2.** Mid-Continent's policy provides in pertinent part: "6. Other insurance. The insurance afforded by this policy is primary insurance except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater

believe that after the mutually repugnant escape clauses are eliminated, State Farm's policy provides for excess coverage and Mid-Continent's policy provides for pro rata coverage.

In Thurston Nat'l Ins. Co. v. Zurich Ins. Co., 296 F.Supp. 619 (D.Okl.1969), the court stated the applicable general rule:

Where one insurance policy provides only for pro rated liability and the other for excess insurance, the latter policy will be in excess of the policy limits of the former and proration is not in order. Fireman's Fund Ins. Co. v. Underwriters Ins. Co., 389 F.2d 767 (10th Cir. 1968).

That same rule is stated in Annot., 76 A.L.R.2d 502 (1961), in the following manner:

Thus, if the nonownership coverage offered by one of the policies involved is of the "excess insurance" type, the conclusion is generally reached—no matter how various the reasoning adopted in support of it in the different cases may be—that the policy issued to the owner of the vehicle is the "primary" policy, and the company issuing it is liable up to the limits of the policy without apportionment, although the policy contains a "prorata" clause. [Emphasis supplied.]

The case of Powell v. Home Indem. Co., 343 F.2d 856 (8th Cir. 1965), relied on by appellant, is not convincing as the majority simply determined the excess clause of one policy was not applicable.

In its Statement of Issues, Mid-Continent submits that an exclusion in a policy endorsement, denying coverage if the rental agreement is violated, is applicable here. In the rental agreement, the rentee agrees that the vehicle will not be operated by any person under the influence of intoxicants. Mid-Continent says that prohibition was violated by Garton and consequently coverage should be denied.

This issue statement, not briefed, ignores two of the trial court's conclusions of law: (1) this exclusion was waived because Budget knew or should have known when it rented the car to Garton that he was under the influence of intoxicants, and (2) this exclusion is void as against the intent of Oklahoma's Financial Responsibility Law and against public policy. These two conclusions, which have not been assailed in appellant's brief, prevent the operation of the exclusionary clause.

Judgment is affirmed except that State Farm has liability to the extent of its policy as an excess carrier.

Affirmed as modified.

---

proportion of such loss than would be payable if each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers, then continue to contribute equal shares to the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."