**RICTER NEBGAY CORP., Plaintiff/Appellant**

v.

**SMALL BUSINESS DEVELOPMENT AGENCY, Ulric F. Benjamin, Director, Defendant/Appellee**

Civil No. 67/1979

District Court of the Virgin Islands

Div. of St. Croix

May 16, 1980

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff/ appellant*

IVE ARLINGTON SWAN, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendant/appellee*

BROTMAN, *Judge By Special Assignment*

## MEMORANDUM OPINION

This is an appeal from a judgment of the Territorial Court of the Virgin Islands. The Territorial Court dismissed the action after trial had begun. For the reasons articulated herein the judgment of the Territorial Court will be reversed and this cause will be remanded for trial.

### I.

Appellant Ricter Nebgay Corporation brought suit against the Small Business Development Agency (SBDA) and Ulric F. Benjamin, the Director of the agency, alleging that appellees had failed to honor a guarantee of collection relating to certain rental payments owed to appellant. The guarantee of collection was executed by the SBDA in consideration of the execution of a written lease agreement between the appellant Ricter Nebgay Corporation (landlord) and Van Putten Lithographing and Printing Co., Inc. (tenant). The written lease agreement recites that $6,875.01 has been paid, that amount constituting the first and last two months' rent.

Mr. Fred Van Putten, Vice-president of Ricter Nebgay Corporation, testified that Ricter Nebgay Corporation never received any money at the execution of the lease. He further testified that subsequent to the execution of the lease Ricter Nebgay never received any funds from Van Putten Lithographing. Based upon that testimony the Territorial Court determined that there was no consideration for the lease agreement and the lease was, therefore, void. Having so concluded, the Court further held that the

guarantee underlying the lease agreement was unenforceable. Accordingly, the Court dismissed this action predicated upon the guarantee of collection.

At trial, when confronted by the motion to dismiss due to the invalidity of the lease, counsel for Ricter Nebgay protested that he was not prepared to address the issue at that time. An examination of the record, in particular appellee's answer, discloses that the lack of consideration for the lease and the concomitant lack of enforceability of the guarantee was never raised until midway through the trial. At that time the Court immediately addressed that issue and dismissed the case.

## II.

■ ■ Fed. R. Civ. P. 8(c) requires that a party set forth affirmatively failure of consideration and any other matter constituting an avoidance or affirmative defense. The defense raised by appellee is at least in part based upon failure of consideration and should have been included in appellee's answer to the complaint. Fed. R. Civ. P. 12(b). The failure to plead an affirmative defense results in the involuntary waiver of that defense and its exclusion from the case. This is particularly true, where, as here, it cannot be said that the issue was tried by implied consent. Jakobsen v. Massachusetts Port Authority, 520 F.2d 810, 813 (1st Cir. 1975); State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co., 518 F.2d 292 (10th Cir. 1975); Camalier & Buckley-Madison, Inc. v. Madison H., Inc., 513 F.2d 407, 420, 421 (CA. D.C. 1975).

■ Inasmuch as any evidence which related to the defense in question also related to other issues in the case, it cannot be said that the issue was tried by implied consent. Jakobsen v. Massachusetts Port Authority, 520 F.2d at 813. Therefore, the dismissal of appellant's claim based upon an affirmative defense which was not included in appellee's answer was inappropriate.

## III.

Furthermore, assuming that the issues of lack of consideration and enforceability of the guarantee were properly before the Court, the judgment of the Territorial Court suffers from other defects.

The Territorial Court determined that the lease was void for want of consideration, asserting that insofar as the lease recited that $6,875.01 had been paid by the lessee, the actual payment of that sum was necessary to the validity of the lease. That belief is erroneous.

■ This court accepts the general proposition that insofar as a lease is an executory contract consideration is necessary to the validity of any lease. 49 Am.Jur.2d, Landlord and Tenant, Section 27. This is not to say that any consideration recited as having been paid must in fact be paid before a lease is valid.

The lease in issue, as most leases, includes a devise by the lessor of an estate for years in certain property, certain unique promises by the lessor to perform other acts, here the construction of a building and a promise by the lessee to pay a fixed amount of rent. The Supreme Court of Oregon has observed, in agreement with Professor Williston, that an ordinary lease is partly bilateral. The primary part of the lessor's consideration is furnished when the lease is made. At this time he conveys an estate for years. The lessor may also make some executory promises, as did Ricter Nebgay in this case. On the part of the lessee the consideration is normally wholly executory consisting primarily of covenants to pay rent. Temple Enterprises v. Combs, 100 P.2d 613, 620, 621 (Oregon, 1940).

■ ■ There can be no failure of consideration in this case, whether the lease is viewed as a bilateral contract or a unilateral contract. As a bilateral contract the consideration consists of an exchange of promises (to pay rent and to provide premises), Restatement of Contracts, Section 75(d). As a unilateral contract, the consideration of the lessee consists of his promise to pay rent. The lessor has already provided his consideration by his conveyance of an estate for years. 51 C.J.S. Sections 202(2), 210(b).

■ The mere fact that the lessee has failed to fulfill his promise does not mean that there has been a failure of consideration which would render the lease invalid, even if the lease recites that the consideration has been paid. 51 C.J.S. Sec. 210(b).

In accordance with the foregoing, it is clear that the judgment of the Territorial Court holding the lease void and the guarantee unenforceable was clearly erroneous. The judgment will be reversed and remanded for further proceedings consistent with this opinion.

## ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED that the judgment of the Territorial Court is reversed and this cause is remanded for further proceedings consistent with this opinion.