47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The CAPITOL LIFE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Tom GALLAGHER, Commissioner of the Florida Department of
Insurance, in its Capacity as Receiver of
Guarantee Security Life Insurance
Company, Defendant-Appellee.
 No. 94-1040.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1995.
 
 1
 Before HENRY and LOGAN, Circuit Judges, and REED, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 EDWARD C. REED, Jr., Senior District Judge.
 
 
 4
 This case requires us to determine whether the district court properly denied a petition to compel arbitration under the Federal Arbitration Act, 9 U.S.C. Secs. 1 to 16.
 
 
 5
 Plaintiff/appellant Capitol Life Insurance Company (Capitol) applied to the district court below for an order compelling defendant/appellee Tom Gallagher, commissioner of the Florida Department of Insurance (FDOI), as receiver for Guaranteed Security Life (GSL), to arbitrate various disputes which Capitol alleges to exist between itself and Gallagher as receiver for GSL. The district court denied the application. Capitol appeals. We affirm.
 
 INTRODUCTION
 A. Factual Background
 
 6
 The facts are largely uncontested. It is only the legal consequences of those facts that are truly disputed. Capitol, a Colorado insurance company, issued certain annuity policies. GSL is a Florida insurance company which, after negotiation, assumed Capitol's annuity policies in 1989. On December 11, 1989, Capitol and GSL entered into a written Agreement of Assumption of Liability (agreement). Pursuant to this agreement, Capitol sold and transferred all its responsibilities and liabilities under these annuity policies to GSL which assumed full responsibility and liability for such policies.
 
 
 7
 The agreement contained an arbitration provision requiring that "any dispute between Capitol and GSL concerning this Agreement or the operation of its terms shall be decided by arbitration." Appellant's Appendix (AA) 22, Agreement of Assumption of Liability, p. 19, Article XII, Arbitration.
 
 
 8
 GSL fell into financial difficulties and was eventually placed under a receivership and subjected to liquidation proceedings. The FDOI, Tom Gallagher, Commissioner, is the receiver for GSL.
 
 
 9
 Faced with the possibility that the GSL liquidation proceedings might result in less than full payment on their annuity policies, the annuitants sought to recover the full value of their policies from Capitol.
 
 
 10
 The annuitants filed a class action claim against Capitol in the Circuit Court for Leon County, Florida on June 22, 1992. The annuitants claim that the purported assignment of obligations from Capitol to GSL is ineffective to relieve Capitol of its original obligation to pay the annuity policies to them. On that basis, the class action seeks a declaratory judgment that Capitol remains jointly liable with GSL to the annuitants whose policies were purportedly transferred from Capitol to GSL. AA 34-35, Florida Complaint p 14. Elsewhere, the complaint seeks a declaration that Capitol remains jointly and severally liable for all obligations under the annuity policies. AA 41, Florida Complaint p 42.[1] The prayer for relief merely requests a declaration that Capitol "remain liable to the members of the class [of annuitants] for the performance of all obligations under the annuity policies." AA 42, Florida Complaint, p. 15.
 
 
 11
 Tom Gallagher, as Commissioner of FDOI, appears in the Florida class action in order to represent the class of annuitants.
 
 
 12
 The complaint did not name GSL as a defendant because GSL (under the receivership of Gallagher) admitted its assumption of obligations and liability to the annuitants.
 
 
 13
 Gallagher admits the validity of the agreement entered into between GSL and Capitol. Gallagher further admits the validity of the arbitration agreement. It is further undisputed that Gallagher, as GSL's receiver, may be compelled to arbitrate because a receiver "stands in the shoes" of the insolvent insurance company. Phillips v. Lincoln Nat. Health & Cas. Insurance Co., 774 F.Supp. 1297, 1299 (D.Colo.1991). It is undisputed that the annuity policies issued by Capitol contain no requirement that disputes between Capitol and the annuitants be arbitrated.
 
 
 14
 The district court below found that Gallagher appeared in the Florida class action solely in a representative capacity for the policy holders and did not appear in the class action in his capacity as receiver for GSL. Capitol does not contest this factual finding.[2]
 
 B. Procedural History
 
 15
 Capitol filed an application on October 12, 1993, in the United States District Court for the District of Colorado to compel Mr. Gallagher, as receiver for GSL,[3] to arbitrate. The application to compel arbitration invoked the authority of the Federal Arbitration Act (FAA), 9 U.S.C. Secs. 2 & 4, which provide for the enforcement of certain arbitration agreements.
 
 
 16
 In the application seeking to compel arbitration--the denial of which is the subject of this appeal--Capitol sought to compel Gallagher, as receiver for GSL, to arbitrate "the issue of Capitol's liability under, and as required by, the Agreement." AA 3, Application for Arbitration, p. 3, p 10.
 
 
 17
 In general terms, Capitol's application asserts that Gallagher as the receiver for GSL, now denies, disputes or refuses to carry out the obligations it undertook in the Agreement of Assumption of Liability. Capitol asserts this dispute both arises out of the Florida class action and exists independent of any litigation.
 
 
 18
 The district court found that "the dispute is a class action law suit in which Gallagher is a representative party plaintiff." AA 99, Dist.Ct.Mem. Opinion and Order p. 3. The district court then held that this dispute, i.e. the Florida class action lawsuit, was not subject to the agreement to arbitrate.
 
 
 19
 The district court found the Florida class action lawsuit involved a dispute between Capitol and the annuitants. Capitol concedes the annuitants are not subject to the arbitration agreement. Appellant's Opening Brief p. 9. The district court specifically found that Gallagher's appearance in the class action as a representative plaintiff did not implicate Gallagher's separate role as receiver for GSL, therefore GSL was not a party to the class action and thus, the Florida class action lawsuit did not involve a dispute between GSL and Capitol.
 
 
 20
 Capitol responded that it did not seek to arbitrate a dispute arising out of the class action, but that a distinct dispute existed between itself and GSL over "the issue of whether Guarantee assumed all of the liabilities on the transferred annuities under the Agreement." AA 101, Dist.Ct.Mem. Opinion and Order p. 5. The district court noted that there was no lawsuit involving that dispute. Nevertheless, the district court assumed Capitol could compel arbitration absent pending legal action. The district court found that, even assuming this, there was no dispute between GSL and Capitol subject to the arbitration agreement.
 
 C. Statement of the Case
 
 21
 Capitol's Opening Brief lists five issues on appeal. Capitol more accurately summarizes the issues on appeal in its reply brief.
 
 
 22
 Focusing on substance rather than form, there are three critical questions which must be answered. The first question is what is the dispute. The second is who is the dispute between. The third is whether it can be said with positive assurance that the arbitration clause ... is not susceptible of an interpretation that covers the asserted dispute.
 
 
 23
 Appellant's Reply Brief, p. 2.
 
 
 24
 Capitol appeals from the district court order denying its application for an order compelling arbitration. Capitol contends the district court erred in finding that the arbitration agreement was not susceptible of any interpretation by which the alleged disputes would be covered by the arbitration agreement. Capitol further contends the district court erred in assuming Florida law allows Gallagher for the FDOI to appear as a representative plaintiff suing on behalf of the annuity holders.
 
 
 25
 Capitol's argument for arbitration proceeds on three different bases. First, Capitol asserts that Mr. Gallagher's appearance in the underlying Florida class action lawsuit as a separately named party plaintiff necessarily implicates his status as receiver for GSL.
 
 
 26
 On this basis, Capitol asserts the Florida class action lawsuit necessarily involves a dispute between itself and Gallagher as receiver for GSL. Capitol further contends that this dispute relates to the Agreement of Assumption of Liability and is thus subject to arbitration. On this basis, Capitol seeks arbitration of whether it is liable with GSL under the annuity policies.
 
 
 27
 Second, Capitol claims that if it is found liable to the annuitants, it has a right of indemnity from GSL. Capitol contends that this claim must be submitted to arbitration.
 
 
 28
 Third, Capitol argues that a determination that GSL and Capitol are jointly liable is necessarily a determination of Capitol's and GSL's rights and obligations inter se. Any such determination, Capitol contends, concerns rights and obligations, which are defined by the Agreement of Assumption of Liability and involves a dispute between Capitol and GSL regardless of whether GSL is a party to the Florida class action lawsuit.
 
 
 29
 Because there is no dispute as to the existence or validity or scope of the arbitration agreement we need not consider such issues or the appropriate legal standards for deciding them.
 
 
 30
 The only issues raised in this appeal are whether there is a dispute at all, what that dispute is about, who is the dispute between and is it covered by the arbitration clause.
 
 D. Summary of Decision
 
 31
 The arbitration agreement covers only disputes between GSL and Capitol. The record indicates no dispute between Capitol and GSL or Gallagher as receiver for GSL. We affirm the district court.
 
 
 32
 The Florida class action involves a dispute between Capitol and the annuitants. The annuitants are not bound by the arbitration agreement. Gallagher's appearance as a representative for the annuitants does not implicate his separate and distinct role as receiver for GSL.
 
 
 33
 There is no dispute between GSL and Capitol regarding whether Guarantee assumed all of the liabilities on the transferred annuities and whether GSL must indemnify Capitol. The record does not indicate and Capitol does not allege that GSL denies either of these propositions. Thus, there is no dispute over these propositions which must be arbitrated.
 
 
 34
 Last, whether Florida law authorizes Gallagher to sue as a representative on behalf of the annuity holders is irrelevant to Capitol's application for arbitration and does not affect our decision.
 
 LEGAL STANDARD
 
 35
 An order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.
 
 
 36
 AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986) (quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).
 
 
 37
 Thus, the appropriate legal standard requires the district court to grant an order to arbitrate unless it can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.
 
 
 38
 A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed....
 
 
 39
 9 U.S.C. Sec. 4.
 
 
 40
 However, it is also well settled that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Thus, the district court should first determine whether a valid agreement to arbitrate exists between the parties and whether the dispute at issue falls within the scope of the agreement. PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir.1990); Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59, 62 (2d Cir.1983).
 
 
 41
 The arbitration agreement at issue is a written agreement which requires that "[a]ny dispute between Capitol and GSL concerning [the Agreement of Assumption of Liability entered into on December 11, 1989] or the operation of its terms shall be decided by arbitration." AA 22, Agreement of Assumption of Liability, p. 19, Art. XII. In relation to the facts of this case, the arbitration agreement is clear and unambiguous. It will be enforced according to its terms.
 
 
 42
 Therefore, arbitration should be ordered in this case unless it can be said with positive reassurance that there is no dispute between Capitol and GSL concerning the Agreement of Assumption of Liability or the operation of its terms.
 
 STANDARD OF REVIEW
 
 43
 Because it is based on contract interpretation, arbitrability is a legal question which we review de novo Zink v. Merrill Lynch Pierce Fenner & Smith, Inc., 13 F.3d 330, 333 (10th Cir.1993) (citing Heggy v. Heggy, 944 F.2d 1537, 1539 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1514, 117 L.Ed.2d 893, 901 (1992)). The district court's underlying factual findings will be set aside only if clearly erroneous. O'Connor v. R.F. Lafferty & Co., Inc., 965 F.2d 893, 901 (10th Cir.1992).
 
 DISCUSSION
 
 44
 It is undisputed that the arbitration agreement applies only to disputes between GSL (and by extension Gallagher as receiver for GSL) and Capitol. The first issue we decide is whether there is any dispute between Capitol and GSL (or Gallagher as receiver for GSL). If there is no dispute between Capitol and GSL, a determination to that effect will dispose of the entire matter. It will not be necessary to further determine whether the dispute concerns the Agreement of Assumption of Liability.
 
 A. Class Action
 
 45
 We may assume, without deciding, that there is an actual dispute, and we may also assume the dispute is as Capitol frames it: a dispute regarding whether Capitol is jointly (or jointly and severally) liable with GSL under the annuity policies purportedly transferred from Capitol to GSL.
 
 
 46
 Capitol makes the unsupported assertion that one may compel arbitration of a dispute even absent a pending court action to resolve that dispute. As the district court did, we assume Capitol's position is correct. We will, shortly, determine whether there is any dispute between Capitol and GSL (or Gallagher as receiver for GSL) which is not the subject of the Florida class action lawsuit, or any other pending court action.
 
 
 47
 First, however we determine whether the dispute arising out of the Florida class action is an arbitrable dispute.[4] If it is not a dispute between Capitol and GSL, or Gallagher as receiver for GSL, it is not subject to the arbitration agreement.
 
 
 48
 Capitol does not contest the district court's factual finding, that Gallagher did not appear in the Florida action as GSL's receiver.[5] The record does not indicate clear error.
 
 
 49
 Gallagher appeared in the Florida class action only as a representative of the class. Any dispute raised in the Florida class action is thus between Capitol and the class of annuitants. Gallagher occupies two different roles. There is no reason why those two different roles cannot be logically and legally distinct and separable. See, Hays & Co. v. Merril Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149 (3d Cir.1989). Gallagher's appearance in the class action, as a representative of the class of annuitants, does not necessarily implicate his role as receiver for GSL. On its face, the Florida class action involves a dispute between Capitol and the class of annuitants.
 
 
 50
 The district court's uncontested finding of fact that Gallagher appeared in the Florida class action only in a representative capacity for the annuitants and not as receiver for GSL is dispositive of any dispute involved in the class action.
 
 
 51
 The only parties before the Florida court and subject to its jurisdiction are the annuitants comprising the class, Gallagher as their representative--but not as receiver for GSL--and Capitol. Neither GSL nor Gallagher as receiver for GSL appear in the Florida class action, are bound by its judgment or may enforce it. They have no cognizable interest in the litigation. Any dispute involved in the Florida class action lawsuit does not concern or involve GSL or Gallagher as receiver for GSL.
 
 
 52
 Capitol further argues that regardless of who is or is not a party to the Florida class action, the requested relief adjudicates Capitol's and GSL's rights and obligations to each other. This involves, in Capitol's eye, a dispute between itself and GSL.
 
 
 53
 The short answer is that the Florida class action involves no dispute between Capitol and GSL (or the receiver for GSL), because neither GSL nor Gallagher as receiver for GSL is a party to it.
 
 
 54
 The short answer however, may not be entirely sufficient. According to Capitol any declaration that Capitol is jointly, or jointly and severally liable with GSL to the class of annuitants
 
 
 55
 certainly implicates the arbitration agreement contained in the Agreement of Assumption of Liability between Capitol and GSL under which the annuities were transferred. By specifically asking for a judicial determination of joint liability, Gallagher has articulated a separate and distinct dispute or controversy between it [GSL] and Capitol. That dispute must be arbitrated.
 
 Capitol's Opening Brief, p. 13.[6]
 
 56
 Despite the fact that the class action is in itself a dispute between Capitol and the annuitants, a declaration that Capitol is jointly or jointly and severally liable with GSL to the annuitants does implicate Capitol's rights relative to GSL. Defendants which are jointly liable to a plaintiff have a right of contribution between themselves.[7] Thus, a declaration that GSL and Capitol are jointly liable might entitle GSL to contribution from Capitol. Such a right of contribution might interfere with the Agreement of Assumption of Liability.
 
 
 57
 Pursuant to the agreement, GSL assumed all responsibility and liability for the annuity policies. A right in GSL of contribution from Capitol would make a nullity of the Agreement of Assumption of Liability.[8] Thus, a declaration in the class action that Capitol and GSL are jointly liable certainly "concerns [the] Agreement or the operation of its terms." Nevertheless, the fact remains that it is the class of annuitants who seek this declaration.
 
 
 58
 Neither GSL nor the receiver for GSL, as such, are parties to the class action. This declaration, if granted, declares only the rights of the parties to the class action. Therefore, Capitol would not be permitted to deny its joint liability with GSL to the annuitants. This declaration is not binding as between Capitol and GSL. See, State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co., 518 F.2d 292, 295 (10th Cir.1975) (declaratory judgment is not res judicata as to non-party). Because GSL and the receiver for GSL are not parties to the class action there can be no resolution of Capitol's rights and obligations relative to them. In such a situation, it is impossible to find a dispute between Capitol and GSL or the receiver arising out of the class action.
 
 
 59
 It is true that in a later action between Capitol and GSL or the receiver, a dispute regarding the effect of the declaration might arise. Specifically, GSL or the receiver might wish to assert the offensive use of collateral estoppel, claiming that Capitol should be bound by the earlier declaration that it is jointly liable with GSL.[9]
 
 
 60
 Such a dispute about the effect the declaration has and the extent to which it is binding on Capitol might indeed be a dispute between Capitol and GSL or the receiver. That dispute is not before this panel. That dispute does not yet exist (at least it is not yet alleged or indicated to exist).
 
 
 61
 Merely because the declaration sought in the class action might have some practical impact on Capitol's rights relative to GSL does not create a dispute between Capitol and GSL.
 
 
 62
 The arbitration clause at issue governs disputes only between Capitol and GSL and, by extension, the receiver for GSL. There is no such dispute involved in the Florida class action. The arbitration clause is not susceptible of an interpretation extending its application to situations where a dispute with a third party might have a practical effect on the rights and obligations of Capitol and GSL, inter se, which arise from the agreement of Assumption of Liability.
 
 
 63
 That the declaration sought might affect Capitol's rights with respect to GSL may be the source of a future dispute between them.[10] Such a possibility is not however a present dispute in itself.
 
 
 64
 For all the foregoing, we hold that the Florida class action in which Capitol was named as a defendant does not involve or create a dispute between Capitol and GSL or the receiver for GSL. It may be said with positive assurance that the arbitration clause at issue is not susceptible of an interpretation covering the asserted dispute.
 
 B. Indemnity
 
 65
 Capitol is undaunted and makes the unsupported assertion that nothing in the FAA requires a pending lawsuit in order to be entitled to compelled arbitration. Capitol asserts that even if there is no controversy between it and GSL or the receiver arising out of the Florida class action, that such a dispute between them exists independent of the class action. We now consider whether any asserted dispute between Capitol and GSL exists independent of the Florida class action lawsuit.
 
 Specifically, Capitol claims that it
 
 66
 [u]nquestionably ... has the right to respond to the declaratory action by pressing its own claim for indemnification, against Gallagher, solely in his capacity as Receiver of GSL.
 
 Opening brief, p. 15.[11]
 
 67
 Capitol indicates that Gallagher, in his capacity as Receiver for GSL concedes that "Capitol most probably has a claim for indemnification against GSL under the agreement of assumption of liability." Id. Capitol further asserts its "right to press an indemnification claim against Gallagher, as Receiver of GSL must be prosecuted through arbitration." Id.
 
 
 68
 We may assume that Capitol does have a right to indemnification from GSL for any liability Capitol owes to the annuitants. We may further assume that if Capitol asserts this right to indemnity, the claim for indemnity must be prosecuted through arbitration if that claim is disputed or contested.
 
 
 69
 The district court below held that even assuming
 
 
 70
 Capitol can compel arbitration absent pending legal action, Capitol's petition must still be dismissed because Capitol fails to offer any credible arguments that it has been aggrieved by Gallagher's refusal to arbitrate whether GSL assumed all of the liabilities on the transferred annuities under the Agreement. GSL, as GSL, does not dispute this.
 
 
 71
 AA 102, Dist.Ct.Mem. Opinion and Order p. 6.
 
 
 72
 Capitol contends on appeal that it need not be aggrieved by a refusal to arbitrate in order to be entitled to an order compelling arbitration of a dispute.
 
 
 73
 Capitol next reaches a conclusion which we find impossible to replicate without injury to rules of logic. Capitol asserts the
 
 
 74
 concession by Gallagher [that Capitol probably has a claim for indemnification] is very significant because such indemnification claim by Capitol against Gallagher, as Receiver for GSL, is certainly a dispute to which the arbitration agreement applies.
 
 
 75
 Opening brief, p. 15. Capitol later rephrases this, thus; "as Gallagher effectively concedes, there is a very real dispute between Capitol and Gallagher, as Receiver for GSL." Id. at 15-16.
 
 
 76
 Regardless of whether Capitol is aggrieved, there is no dispute. Capitol focuses only on the district court's conclusion that Capitol is not aggrieved by Gallagher's alleged failure to arbitrate. Capitol ignores the district court's factual finding that "GSL, as GSL, does not dispute" whether GSL assumed all the liability under the Agreement of Assumption of Liability. Capitol's claim of indemnity is not denied or disputed by GSL. See AA 111-112. Capitol's claimed right to seek indemnity from GSL is not a dispute by itself. There is nothing to arbitrate.
 
 
 77
 GSL, according to Capitol, concedes the very issue which Capitol seeks to arbitrate. Opening Brief p. 15; AA at 111-112.
 
 
 78
 Capitol did not assert below, and has not asserted here, that it made a demand for indemnity on GSL. Nor has Capitol ever asserted that GSL has denied or does deny a duty to indemnify Capitol for any judgment against it. Without some such contentions there is no dispute. Capitol claims a right to indemnity. Unless and until GSL denies that right in some way, there is no dispute regarding Capitol's claimed right of indemnity.
 
 
 79
 At the same time that it asserts the existence of a dispute regarding its claimed right of indemnity, Capitol claims that GSL has essentially admitted it must indemnify Capitol. Capitol can't have it both ways. In short, this issue is not presently disputed.
 
 
 80
 The district court's factual finding that there is no dispute regarding GSL's assumption of all the liabilities is not clearly erroneous. This factual finding also disposes of Capitol's newly raised argument that there is a dispute regarding Capitol's claimed right of indemnity.[12] Furthermore, Capitol presents no argument or evidence indicating the claimed right of indemnity is disputed.
 
 
 81
 For all the foregoing, we hold that there is no dispute between Capitol and GSL or Gallagher as receiver for GSL regarding GSL's assumption of all liability or Capitol's claimed right of indemnity. Therefore, there is no dispute concerning the Agreement of Assumption of Liability. Without a dispute, there is nothing to submit to arbitration. It may be said with positive assurance that the arbitration clause at issue is not susceptible of an interpretation covering the asserted dispute.
 
 
 82
 C. Whether Florida Law Allows Gallagher, as Commissioner for the Florida Department of Insurance to Appear in the Florida Class Action as a Representative of the Annuitants is Irrelevant
 
 
 83
 The district court below found that Gallagher appeared in the Florida class action only as a representative of the class of annuitants and not in his capacity as receiver for GSL. We affirm that finding.
 
 
 84
 If Florida law does not give Gallagher the authority to appear in such a representative capacity, this does not alter the district court's finding that Gallagher did not appear in his capacity as receiver for GSL.
 
 
 85
 Regardless of whether Gallagher had the power to appear in a representative capacity, he did not appear in his capacity as receiver for GSL. Regardless of Gallagher's power to appear in a representative capacity, neither he in his capacity as receiver for GSL nor GSL is a party to or involved in the Florida class action. Thus, regardless of Gallagher's power to appear in a representative capacity the Florida class action lawsuit does not involve a dispute between Capitol and GSL or Gallagher as receiver for GSL.
 
 
 86
 Gallagher's power to appear in a representative capacity has no bearing on the outcome of Capitol's application for arbitration or his appeal here. On that basis, we decline to review the district court's assumption or determination that Gallagher had any such power under Florida law.
 
 CONCLUSION
 
 87
 There is a valid arbitration agreement between GSL and Capitol. The arbitration agreement requires any disputes between Capitol and GSL concerning the Agreement of Assumption of Liability to be decided by arbitration. Gallagher, as receiver for GSL, may be compelled to arbitrate any disputes between himself as receiver for GSL and Capitol which concern the Agreement of Assumption of Liability. The Florida class action is a dispute, but that dispute is between Capitol and third parties, not between Capitol and GSL or the receiver for GSL. It may be said with positive assurance that the disputes in the Florida class action are not subject to the arbitration agreement.
 
 
 88
 There is no dispute at all concerning Capitol's claimed right to be indemnified by GSL. Capitol cannot claim that GSL has admitted its obligation to indemnify Capitol and at the same time claim a dispute regarding that obligation. There is no indication that GSL has or does deny Capitol's claimed right of indemnity.
 
 
 89
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Paragraph fourteen is under the heading Class Action Allegations, and is intended to state the basic underlying factual allegations rather than state the relief requested. Nevertheless, last two sentences of this paragraph allege that the Florida Department of Insurance (FDOI)
 as receiver for GSL, does not dispute GSL's assumption of liability under class members' annuity policies. Rather, the FDOI seeks a determination that [Capitol], jointly with GSL, remain[s] obligated under the transferred annuity policies.
 Paragraph forty-two is under the heading Count I and states the legal theory or claim. There, plaintiffs explain that they
 seek a declaration from this Court that [Capitol was] not released from [its] obligations under the Annuities by virtue of any transfer of the Annuities, and that [Capitol] remain[s] jointly and severally liable for all obligations currently due or to become due under the Annuities.
 The request for relief, located at p. 15 of the complaint requests an order adjudging;
 that [Capitol was] never released from [its] obligations under the class members' annuity policies transferred by [Capitol] and assumed by GSL; that [Capitol] remain[s] liable to the members of the class for the performance of all obligations thereunder[.]
 
 
 [2]
 Capitol does not contest the district court's factual finding, but contends that the district court erroneously interpreted the FAA such that the arbitrability of a claimed dispute depends on the capacity in which a party sues. Capitol claims the
 Federal Arbitration Act contains no requirement that a lawsuit is a prerequisite to arbitration or the right to compel arbitration ... Thus, there is no basis for the District Court to conclude that arbitrability is dependent upon the capacity in which [Gallagher] sues.
 Appellant's Opening Brief, p. 10.
 Thus, Capitol does not contest the factual finding. Capitol contends this factual finding is irrelevant. Capitol contends the FAA contains no requirement that a lawsuit is a prerequisite to arbitration. If a lawsuit is not necessary to find a dispute, then Gallagher's capacity in the Florida class action is irrelevant, because a dispute between Gallagher as receiver for GSL and Capitol can exist regardless of whether the Florida class action involves a dispute between Capitol and Gallagher as receiver for GSL.
 
 
 [3]
 It is helpful to carefully distinguish between Mr. Gallagher's two distinct roles. In the underlying class action, Mr. Gallagher appeared as a representative of the class of annuitants. Independent of that role, Mr. Gallagher also serves as the receiver for GSL in the liquidation proceedings. It is as receiver for GSL that Mr. Gallagher may be subject to the arbitration provision. Thus, it is as receiver for GSL that Mr. Gallagher is named as a defendant in Capitol's petition to compel arbitration between itself and Mr. Gallagher as receiver for GSL
 
 
 [4]
 It is important to remember what is not contested. Capitol, does not contend that the class action itself (i.e. the dispute between the class of annuitants and Capitol) is subject to arbitration. See, Appellant's opening brief, p. 7. Capitol merely contends that because Mr. Gallagher, in his capacity as Commissioner of the Florida Department of Insurance, is a party to the class action, he is unalterably a party to the action in his capacity as receiver for GSL as well
 
 
 [5]
 As discussed in the main body of the discussion, supra, Capitol merely contends that a pending action or suit involving that dispute need not exist in order for one to be entitled to compel arbitration and therefore any discussion regarding the capacity in which one brings suit cannot be dispositive of a party's right to compel arbitration. This may be correct, however, the capacity in which one brings suit may be dispositive of a party's right to compel arbitration of the discrete dispute involved in a lawsuit
 
 
 [6]
 Although the prayer for relief in the Florida class action seeks a declaration only to the effect that Capitol remains liable to the annuitants, elsewhere in the complaint, it appears that the annuitants seek a declaration that Capitol and GSL are jointly and jointly and severally liable. In the face of such confusion, we cannot presume that the prayer for relief would govern and that any declaration in favor of the annuitants would not declare Capitol and GSL to be jointly or jointly and severally liable
 
 
 [7]
 Black's Law Dictionary, 174 (Abridged 5th ed. 1983); see Albertson's, Inc. v. Adams, 473 So.2d 231, 233 (Fla.Dist.Ct.App.1985) review denied, 482 So.2d 347 (Fla.1986); Stephen Bodzo Realty, Inc., v. Willit Int'l. Corp., 405 So.2d 269, 272 (Fla.Dist.Ct.App.1981); Phillippi Creek Homes, Inc., v. Arnold, 174 So.2d 552, 556 (Fla.Dist.App.1965)
 
 
 [8]
 Under the agreement of assumption of liability GSL undertook all liability under the annuity policies. Therefore, as between GSL and Capitol, Capitol is entitled to insist that GSL bear the entire liability. If as between Capitol and the annuitants, Capitol is held liable, Capitol may have a right of indemnification equal to the entire amount of the judgment against it. If, however, as between Capitol and GSL they are jointly liable, Capitol has only a right of contribution from GSL. Thus, Capitol would be entitled to only a proportional (one-half) amount of the entire liability from GSL
 
 
 [9]
 See 18 Wright Miller & Cooper, Federal Practice and Procedure: Jurisdiction, Secs. 4464 & 4465 (1981), for a thorough discussion of the nonmutual offensive use of collateral estoppel
 Collateral estoppel or issue preclusion prevents a party from relitigating issues that were necessarily decided in an earlier action. It is uncertain whether the right of contribution between GSL and Capitol is an issue that would be necessary to a declaration that as between Capitol and the annuitants, Capitol and GSL are jointly liable to the annuitants.
 The annuitants seek the declaration for the purpose of establishing who is liable to them. The annuitants have no legal interest regarding whether GSL and Capitol have a right of contribution or indemnity between themselves.
 It is unclear whether GSL could collaterally estop Capitol from denying a right of contribution. Thus, it is uncertain whether this declaration would have any practical effect on Capitol's rights in relation to GSL at all.
 
 
 [10]
 However, it is clear that GSL does not dispute its assumption of all liabilities under the annuity policies. This appears to preclude GSL from claiming a right of contribution from Capitol and thus, it appears unlikely the declaration will be the source of a future dispute
 
 
 [11]
 Capitol did not present this particular argument to the district court below
 In the district court, Capitol asserted that a dispute existed between itself and GSL regarding whether GSL assumed all the liabilities on the transferred annuities under the agreement. AA 101, Dist.Ct.Mem. Opinion and Order p. 5.
 The district court held there was no such dispute between Capitol and GSL because GSL did not deny or dispute that it assumed all the liabilities on the transferred annuities.
 On appeal to this Court, Capitol now asserts a dispute exists regarding its claimed right to indemnity from GSL for any liability it incurs under the annuity policies. Opening Brief p. 15.
 This is the first time this issue has been raised; Capitol did not present this argument to the district court. The general rule is that a federal appellate court will not consider an issue not passed upon below. Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); see generally, Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir.1993) (where this court entered into a thorough discussion of this issue).
 These two issues are however not truly distinct. Capitol's present claim of indemnity is based on GSL's assumption of liability. That is to say, Capitol contends GSL assumed all liability under the agreement and therefore Capitol has a right of indemnity from GSL if Capitol is obligated to satisfy the annuity policies. Because these two issues are very similar, despite the variance in how they were formulated in the district court and here, we will address this issue on appeal. Leo Sheep Co. v. United States, 570 F.2d 881, 891 (10th Cir.1977) (discretion to hear issue raised for first time on appeal where issue raised in court of appeals was closely related to issue raised below, parties briefed issue for court of appeals and failed to object to its consideration until petition for rehearing) rev'd on other grounds, 440 U.S. 668, 99 S.Ct. 1403, 59 L.Ed.2d 677 (1979).
 
 
 [12]
 Capitol's claimed right of indemnity is derivative of GSL's assumption of all liability pursuant to the Agreement of Assumption of Liability